UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLIVER GRAY, | No. 2:16-cv-0508 KJN P |
| Petitioner, | |
| v. | ORDER |
| W.L. MUNOZ, | |
| Respondents. | |

Petitioner, a state prisoner proceeding pro se, has filed a motion to withdraw his petition because he failed to first exhaust his state court remedies. (ECF No. 6.) As discussed below, the court grants petitioner's motion.

Petitioner's initial filing was a motion for appointment of counsel, not a habeas petition. In order to properly commence a habeas action, a petition for a writ of habeas corpus must: "1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242." Rules Governing Section 2254 Cases, Rule 2.

On March 15, 2016, petitioner was granted thirty days in which to file a habeas petition. On March 18, 2016, petitioner filed his motion to withdraw the petition because he had not

////

exhausted his state court remedies. His filing was signed on March 15, 2016, the same day the court issued its order.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

In his motion for voluntary dismissal, petitioner concedes he has failed to exhaust state court remedies, but claims he has not filed a petition in the state court of appeal. In order to fully exhaust his claims, such claims must be presented to the California Supreme Court. Accordingly, petitioner's motion to withdraw his petition is construed as a motion to withdraw this case, and this case is dismissed without prejudice.[2]

Finally, because no petition has yet been filed, the court cannot determine whether it would be appropriate for petitioner to seek a stay in this action. Thus, petitioner is advised of the following. There are two ways in which a petitioner may seek to stay the consideration of a federal petition pending exhaustion of state court remedies.

First, a district court may stay a mixed petition if the following conditions are met: (1) "the petitioner had good cause for his failure to exhaust," (2) "his unexhausted claims are potentially meritorious," and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines v. Weber, 544 U.S. 269, 278 (2005) ("Rhines"). The Supreme

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

[2] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

Court has made clear that this option "should be available only in limited circumstances." Id. at 277. Moreover, a stay that is granted pursuant to Rhines may not be indefinite; reasonable time limits must be imposed on a petitioner's return to state court. Id. at 277-78.

In early 2014, the Ninth Circuit addressed the issue of good cause under Rhines:

> There is little authority on what constitutes good cause to excuse a petitioner's failure to exhaust. In Rhines, the Supreme Court did not explain the standard with precision. See 544 U.S. at 275-78. . . . The Court has since addressed the meaning of good cause in only one other case, recognizing in dicta that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' " to excuse his failure to exhaust. Pace v. DiGuglielmo, 544 U.S. 408, 416, 125 S. Ct. 1807, 161 L.Ed.2d 669 (2005) (citing Rhines, 544 U.S. at 278. . . ).
>
> Similarly, our cases on the meaning of good cause under Rhines are also sparse. In Jackson v. Roe, 425 F.3d 654 (9th Cir. 2005), we held that good cause does not require a showing of "extraordinary circumstances." Id. at 661-62. In Wooten v. Kirkland, 540 F.3d 1019 (9th Cir. 2008), we held that a petitioner did not establish good cause simply by alleging that he was "under the impression" that his claim was exhausted. Id. at 1024. We explained that accepting as good cause the mere "lack of knowledge" that a claim was exhausted "would render stay-and-abey orders routine" because "virtually every habeas petitioner" represented by counsel could assert that he was unaware of his attorney's failure to exhaust. Id.

Blake v. Baker, 745 F.3d 977, 981-82 (9th Cir. 2014). "An assertion of good cause without evidentiary support will not typically amount to a reasonable excuse justifying a petitioner's failure to exhaust." Id. at 982. The Ninth Circuit concluded that the Rhines standard for cause based on ineffective assistance of counsel "cannot be any more demanding" than the cause standard required to excuse the procedural default of a habeas claim, as set forth in Martinez v. Ryan, 132 S. Ct. 1309 (2012). Blake, 745 F.3d at 983-84.

A second procedure, known as the "Kelly procedure," outlined in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), has been described by the Ninth Circuit Court of Appeals to involve the following three-step process: "(1) petitioner amends his petition to delete any unexhausted claims, (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims, and (3) petitioner later amends his petition and re-attaches the newly-exhausted claims to the original

petition." King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009). The Kelly procedure is riskier than the Rhines procedure because it does not protect a petitioner's unexhausted claims from expiring during a stay and becoming time-barred under the one year statute of limitations. See King, 564 F.3d at 1140-41.

Finally, the Ninth Circuit Court of Appeals recently reversed a district court's dismissal of a state prisoner's habeas corpus petition raising only unexhausted claims, and held that a district court has discretion to stay and hold in abeyance fully unexhausted habeas petitions under the circumstances set forth in Rhines, 544 U.S. at 269. Mena v. Long, 813 F.3d 907 (9th Cir. 2016).

Conclusion

Because this action has not been properly commenced, petitioner's motion is granted.

Accordingly, IT IS HEREBY ORDERED that this action is dismissed without prejudice.

Dated: April 6, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/gray1605.103.inf